Febrenie **BOUCHER** and Joseph Boucher

v.

Raphael **PARADIS** and Louis J. Paradis.

Supreme Judicial Court of Maine.

July 1, 1968.

Robert L. Jalbert, Fort Kent, for plaintiffs.

Pendleton & Freme, by Ferris A. Freme, Caribou, for defendants.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ. concurring.

TAPLEY, Justice.

On appeal. Plaintiffs by complaint alleged that defendants disseized plaintiffs of premises described in complaint, cut and carried away trees and timber therefrom without license from the plaintiffs. They further allege that the acts of trespass were committed willfully and knowingly and therefore demand double damages. After the action was commenced plaintiffs dismissed the action as against defendant, Raphael Paradis.

A motion for a default judgment dated December 5, 1966 was filed by the plaintiffs against defendant, Louis J. Paradis, asking for a judgment in the sum of $720.00 on the basis that defendant, Louis J. Paradis, had failed to seasonably appear. Defendant in turn filed a motion for enlargement of time to file an answer to the complaint and later a motion to strike the default and for judgment for the defendant. Motions for

extension of time to file answer and to strike the default were denied after hearing. The Court below then found a default judgment for the plaintiffs in the sum of $486.-00. Following this action on the part of the Court defendant, by motion, sought alteration of the judgment for the reasons:

"1. Damages are excessive.

"2. Plaintiffs did not present any evidence of the fair market value of plaintiff's land before and after the injury.

"3. Plaintiff did not present any evidence as to what type of deed he derived title from.

"4. Plaintiff did not prove malice; therefore no punitive or exemplary damages should have been allowed, and further in the question of exemplary damages, plaintiff did not prove any agency of his son.

"5. Discharge of one joint tort-feasor discharges the other."

A hearing was had on the motion for alteration of judgment. The Court reduced the judgment for damages to $436.00. From this judgment defendant filed an appeal bringing the matter to this Court.

█ The defendant cannot go behind the defaulted judgment as to the question of liability.

"A judgment by default is a conclusive adjudication on the merits." Commentary, Sec. 55.6, Maine Civil Practice, Field & McKusick.

█ Defendant is not now in a position to deny plaintiffs' title to the property described in the complaint as that question was adjudicated by the default.

█ Defendant contends that a release of one joint tort-feasor operates as a release of the other. The record before us is not clear as to the circumstances prevailing which brought about the dismissal. In plaintiffs' motion for default judgment there is recited merely that the action had been dismissed as to defendant, Raphael Paradis. There is no testimony in the record that supports the contention that the case against defendant, Raphael Paradis, was dismissed for any consideration which would enure to the benefit of defendant, Louis J. Paradis.

"A dismissal or agreement to dismiss as to one of joint tort-feasors is not a release having the effect of releasing all, in the absence of receipt of any satisfaction by plaintiff, or where such dismissal or agreement is in return for only a partial satisfaction." 76 C.J.S. Release § 50(e).

The record in the instant case does not support the rule that releasing one tort-feasor releases the other.

█ The action is based on the following statutory provisions:

"Whoever cuts down, destroys, injures or carries away any * * * timber, wood, * * * goods or property of any kind from land not his own, without license of the owner, * * * is liable in damages to the owner in a civil action. If said acts are committed willfully or knowingly, the defendant is liable to the owner in double damages." 14 M.R.S.A., Sec. 7552.

The rule of damages is set out in Pettengill et al. v. Turo et al., 159 Me. 350, on page 358, 193 A.2d 367, on page 372, where the Court said:

"The measure of damages for the destruction of trees allows the land owner an election. When the trees have an intrinsic, estimable value other than that which their presence adds to the value of the real estate, 'the owner may treat them as personal property, and sue for their value as though they had been detached from the realty, in which case his measure of damages is the value of the trees separate and apart from the soil; but where one sues to recover damages for injury, permanent in nature, caused

his land by the loss of the trees, the measure of damages is (the difference between) the market value of the land immediately before and immediately after the injury.'"

Under the statute, if the acts are committed willfully or knowingly the defendant is liable in double damages. Blaisdell v. Daigle, 155 Me. 1, 149 A.2d 904.

The complaint alleges the cutting and carrying away of trees and timber and that the acts were done by the defendant willfully and knowingly and therefore the defendant was liable in double damages. This allegation was adjudicated in favor of the plainiffs by reason of the default.

The record supports the finding of $235.-50 as value of trees cut and carried away. The amount of the judgment is $436.00. The difference in the value of the cordwood and the amount of the judgment could well have been considered by the presiding Justice as double damages.

The entry will be,

Appeal denied.